# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
ALDA A. ANDERSON, BAR NO. 8746.

No. 69076

FILED

JAN 2 2 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER APPROVING CONDITIONAL GUILTY PLEA

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Alda Anderson. Under the agreement, Anderson admitted to violations of RPC 1.15 (safekeeping property) and RPC 5.3 (responsibilities regarding nonlawyer assistants), and the State Bar agreed to dismiss charges that Anderson violated RPC 1.3 (diligence), RPC 8.1(a) (bar admission and disciplinary matters), and RPC 8.4 (misconduct).

Anderson was admitted to the practice of law in Nevada in 2004 and has no prior disciplinary record. The violations at issue here involve Anderson's use of funds from her trust account to pay business expenses and her failure to supervise a nonlawyer employee hired to handle loan modifications. Due to Anderson's failure to supervise the employee and provide for sufficient checks and balances to monitor incoming client funds, the employee was able to misappropriate funds

16 - 02325

from Anderson's business account and retain cash payments made by clients for bankruptcy and loan modification services. During the relevant time period, Anderson frequently gambled. She acknowledged in the plea agreement that her gambling "in some manner contributed to her lack of supervision and failure to properly handle her office expenses."

As part of the plea agreement, Anderson agreed to an 18-month stayed suspension and to pay the costs of the disciplinary proceedings, excluding bar counsel and staff salaries. The stayed suspension is subject to the following conditions: Anderson must (1) promptly comply with all requests for information from the State Bar, including but not limited to, copies of bank statements and case lists; (2) not engage in any activity that results in public discipline, including a letter of reprimand; (3) participate in the NLAP program, including but not limited to, an initial consultation with the designated NLAP physician and compliance with any recommendations made by a licensed physician as a result of that consultation; (4) obtain a mentor approved by the State Bar for purposes of accounting and law practice management; (5) meet with her mentor twice a month to discuss accounting practices, supervision of employees, goals, and any other issues pertaining to her legal practice; (6) provide quarterly reports to the State Bar regarding her trust account, including but not limited to, copies of her trust account statements; and (7) not be convicted of any crime with the exception of minor traffic infractions that do not involve alcohol or controlled substances.

Based on our review of the record, we conclude that the guilty plea agreement should be approved. *See* SCR 113(1). Considering the

duties violated, Anderson's mental state, the lack of any actual injury to a client, the aggravating circumstance (substantial experience in the practice of law), and the mitigating circumstances (absence of prior disciplinary record and personal or emotional problems), we agree that an 18-month stayed suspension is sufficient to serve the purpose of attorney discipline. *See In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008) (identifying four factors that must be weighed in determining the appropriate discipline: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors"); ABA Standards for Imposing Lawyer Sanctions, *Compendium of Prof'l Responsibility Rules and Standards*, Standard 4.12 (2015) (providing that absent aggravating or mitigating circumstances, "[s]uspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client"); *id.* Standard 7.2 (providing that absent aggravating or mitigating circumstances, "[s]uspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system"); *see also State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (observing that the purpose of attorney discipline is to protect the public, the courts, and the legal profession, not to punish the attorney).

We hereby impose an 18-month stayed suspension. Anderson must comply with all of the conditions in the plea agreement, as outlined above. Additionally, Anderson shall pay the costs of the disciplinary

proceedings, excluding bar counsel and staff salaries, within 90 days of receipt of the State Bar's bill of costs. *See* SCR 120. The State Bar shall comply with SCR 121.1.

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

_____, J.
Pickering

cc:    Chair, Southern Nevada Disciplinary Board
       Law Office of Alda A. Anderson, P.C.
       C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
       Kimberly K. Farmer, Executive Director, State Bar of Nevada
       Perry Thompson, Admissions Office, U.S. Supreme Court